UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00099-GNS-HBB

DEREK MORTLAND                                                                         PLAINTIFF

v.

KIYAN HOSPITALITY, LLC                                                              DEFENDANT

### ORDER

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (DN 16).  The motion is ripe for adjudication.

### I.    BACKGROUND

In March 2023, Plaintiff Derek Mortland ("Mortland") was allegedly a guest and invitee at a County Inn Hotel located in Bowling Green, Kentucky, which is owned and operated by Defendant Kiyan Hospitality, LLC.  (Compl. ¶¶ 2, 6-7, 13, DN 1).  Mortland, who is a person with physical disabilities, alleges that the Country Inn Hotel is a public accommodation which is not accessible to persons with physical disabilities in violation of federal and state laws.  (Compl. ¶¶ 2, 5, 10-25).

Mortland filed this action asserting claims under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (Count I), and "KENTUCKY Revised statute Title XXXI, Chapter 354-A et seq." (Count II).  (Compl. ¶¶ 31-49).  Kiyan moved for partial summary judgment on Count II.  (Def.'s Mot. Summ. J., DN 16).

## II.  JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C § 1331 as this case arises under the laws of the United States.  This Court also would have supplemental jurisdiction over any state law claim asserted pursuant to 28 U.S.C. § 1367(a).

## III.  STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of showing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence in support

of the plaintiff's position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### IV. DISCUSSION

This motion involves purely a legal issue. In moving for summary judgment, Kiyan argues that Count II of the Complaint cites to and relies on Kentucky laws that do not exist. (Def.'s Mem. Supp. Mot. Partial Summ. J. 4-5, DN 16-1). In his response, Mortland acknowledges the erroneous references to Kentucky law.[1] (Pl.'s Resp. Def.'s Mot. Partial Summ. J. 1-2, DN 17). Accordingly, Kiyan is entitled to summary judgment on Count II of the Complaint.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment (DN 16) is **GRANTED**, and Count II of the Complaint (DN 1) is **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

April 2, 2024

cc: counsel of record

---

[1] In his response, Mortland also noted that he intended to file an Amended Complaint addressing these errors. (Pl.'s Resp. Def.'s Mot. Partial Summ. J. 2). That motion was subsequently denied as untimely. (Pl.'s Mot. Amend, DN 18; Order, DN 22).

3